IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAMMUON EPPS, on behalf of their Minor children K.E., D.E., K.E., D.E., K.E., L.E., K.E., and TANYA GRIFFIN, on behalf of their Minor children K.E., D.E., K.E., D.E. K.E., L.E., K.E. | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:17-CV-758-WKW [WO] |
| CHERRY JONES, STEPHANIE GILLISPIE, JUDY JOSEN, KELDIN JONES, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Proceeding *pro se*, Plaintiffs Dammuon Epps and Tanya Griffin allege that their minor children are victims of human trafficking in Russell County, Alabama, at the hands of Defendants. At least two of the Defendants, Keldin Jones and Cherry Jones, are current or former employees of the Russell County Department of Human Resources ("DHR"), who in the past have been involved in juvenile court proceedings seeking the removal of the minor children from Plaintiffs' home. (Doc. # 2, at 3); *see also Epps v. Russell Cty. Dep't of Human Res.*, No. 3:15cv25-MHT (M.D. Ala. Jan. 15, 2015). In particular, Plaintiffs complain in this action that Mr. Jones sought to offer DHR's services and conduct an "unwarranted search and

seizure of their private dwelling," even though "[n]o crime was reported . . . warranting a visit from [him]." (Doc. # 2, at 3.) Plaintiffs allege that Mr. Jones, as well as his co-Defendants, use their "public office" to "recruit the victims as human capital to exploit them in investment schemes promoted by the accused."[1] (Doc. # 1, ¶¶ 9, 10.) These investment schemes, it appears, are the public schools, which, at least for some period of time, Plaintiffs' minor children did not attend. (Doc. # 2, at 5.) Plaintiffs contend that Defendants, through DHR, is in the business of "recruiting human capital" to aid in "the success of the investment scheme[s]." (Doc. # 2, at 5.)

Plaintiffs bring their claims as alleged "victims" under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771(d)(3), seeking an "emergency victim rights protection order . . . to protect [them] from further irreparable harm." (Doc. # 1.) The emergency motion is construed as a motion for a temporary restraining order.

Federal Rule of Civil Procedure 65(b) governs requests for temporary restraining orders. "A temporary restraining order protects against irreparable harm and preserves the status quo until a meaningful decision on the merits can be made." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1297 (11th Cir. 2005). A temporary restraining order may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

---

[1] The "accused" are the Defendants.

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B). Additionally, the elements that apply to a motion for preliminary injunction also govern the issuance of a temporary restraining order. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [the movant's] own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999). The movant bears the burden of establishing entitlement to a temporary restraining order. *See Parker*, 275 F.3d at 1034.

Plaintiffs fall short of meeting the prerequisites for the exceptional remedy of a temporary restraining order. First, they do not allege any concrete facts to support a finding that a temporary restraining order is necessary to prevent immediate and irreparable injury before Defendants can be heard in opposition. Second, Plaintiffs have not submitted the certification required by Rule 65(b)(1)(B).

Third, Plaintiffs have not demonstrated that they have a substantial likelihood of success of obtaining the relief they seek under the CVRA. Congress enacted the CVRA "to make crime victims full participants in the criminal justice system."

3

*Kenna v. U.S. Dist. Court for C.D. Cal.*, 435 F.3d 1011, 1016 (9th Cir. 2006). The CVRA gives victims of a federal crime specified rights against the accused, such as the "right to be reasonably protected from the accused." § 3771(a)(1). A victim must pursue these rights in the United States District Court where "a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred." § 3771(d)(3). Plaintiffs have not shown that a criminal prosecution, or even a criminal investigation, for a federal offense of "human trafficking" is pending against any of the named Defendants in this district. *See Does v. United States*, 817 F. Supp. 2d 1337, 1342–43 (S.D. Fla. 2011) (recognizing that some CVRA rights attach prior to formal charges). Although Plaintiffs allege that Defendants "engage in Human Trafficking within Russell County" (Doc. # 1, at ¶ 4), this accusation consists of nothing more than a legal conclusion, and Plaintiffs' verified motion contains no factual allegations to substantiate an accusation that Defendants actually are engaged in acts of human trafficking within the meaning of any federal offense. *See, e.g.*, 18 U.S.C. § 1589.

Based on the foregoing reasons, it is ORDERED that Plaintiffs' motion for a temporary restraining order (Doc. # 1) is DENIED.

It is further ORDERED that the above-styled action is REFERRED to Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

DONE this 9th day of November, 2017.

                                          /s/ W. Keith Watkins
                             CHIEF UNITED STATES DISTRICT JUDGE